Rollins, S.
—If the paper propounded as the last will and testament of this decedent shall be established as such, her entire estate, which seems to be of the value of some hundreds of dollars, will be discovered to have passed at her death to Mrs. Annie Ridal, her niece and one of her next of kin. Three other nieces of the decedent survived her, one of whom is the contestant in this proceeding The instrument in dispute was executed on December 5, 1885, at 85 East One Hundred and Tenth street, the dwelling house of its sole beneficiary. In that house the decedent had taken up her residence a few days before, and there, within the following month, she died at a very advanced age. She was a woman of grossly intemperate habits, and so eccentric in her conduct and demeanor as to attract attention and occasion remark wherever she went. In the public streets people were wont to accost her as “ Crazy Mary.”
Many witnesses testified to her practice of -muttering to herself and of staring vacantly about her as she walked. Her memory seems to have been very defective. She would often lose her way in a quarter of the city with which she must presumably have been familiar. Her acts and conversation were characterized by several disinterested witnesses as irrational and half crazy.
I shall not review in detail the evidence tending strongly to show her lack of testable capacity; for, even if it be assumed that she was not altogether incapable of making a will, I am not satisfied upon the evidence that her free, intelligent testamentary purpose finds expression in the paper before me.
Its two subscribing witnesses are Charles G. Shirmer, its draftsman; and Frederick S. Ridal, the husband of its proponent and universal legatee.
If Mr. Shirmer’s testimony is to be credited, and I see no reason to distrust it in the least, he drew the will at Ridal’s request and in pursuance of Ridal’s instructions, supposing that it embodied the wishes and purposes of the decedent as previously expressed to Ridal, but having no *758 knowledge, information or belief upon that subject, save such as he had derived from Ridal himself. Shirmer testifies that he prepared this instrument prior to November 26, 1886, and that on that day, by appointment with Ridal, he took it to the house of the decedent, in Twenty-sixth street, with the design of superintending its execution.
The decedent declined to execute it, saying in explanation of her refusal that her brother had died on that morning. On December fifth, Shirmer, pursuant to Ridal’s instructions, attended with the paper at the latter’s house in One Hundred and Tenth street He read it to the decedent, who declared herself satisfied with it. In answer to Shirmer’s question whether she declared it to be her last will and wished Ridal and himself to act as witnesses, she said that she did.
With this testimony that of Ridal is in irreconcilable conflict. Ridal utterly denies that he ever advised Shirmer that the decedent wanted a will drawn which should make Mrs. Ridal her sole legatee, and declares that the decedent never asked him to procure such a will to be prepared. He insists that until after Mrs. Phelan’s death he was ignorant of the fact that she had made his wife the subject of her bounty, and he would have it believed that because of delicacy or indifference on the subject he had avoided or neglected inquiries as to the contents of the will in whose execution he had participated.
I am very confident that this witness deliberately swore to many things^that he knew to be untrue. The legitimate effect of this false swearing is not merely to render his testimony worthless, but to create a very strong probability that he had much more to do with shaping the provisions of the alleged will than even Mr. Shirmer knows of.
When I consider the advanced age of the decedent, her feeble capacity, the circumstances under which this instrument came into existence, the fact that its terms were dictated to its draftsman by the husband of the sole beneficiary, and that the man who thus procured the legacy in his wife’s favor has had the effrontery to deny it, I am forced to the conclusion which I recently reached in Matter of O’Rourke (6 Surr. Dec., 70), deficit probatio.
Let a decree be entered adjudging that this paper is not entitled to probate.